# In the United States Court of Federal Claims

No. 20-0036C

(Pro Se)

(Filed: April 21, 2020 | Not for Publication)

|  |  |
|---|---|
| ROBERT L. POOLE, | ) |
| | ) |
| | ) Keywords: Pro Se; Subject-Matter |
| Plaintiff, | ) Jurisdiction; RCFC 12(b)(1); Unlawful |
| | ) Imprisonment; Unjust Conviction and |
| v. | ) Imprisonment; 28 U.S.C. § 1495 |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Robert L. Poole*, Columbus, OH, pro se.

*Kelly A. Krystyniak*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *L. Misha Preheim*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Robert L. Poole, proceeding pro se, filed a complaint in this court on January 13, 2020. Docket No. 1. On March 11, 2020, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Docket No. 5. The government argues that Mr. Poole has failed to meet his burden to establish subject-matter jurisdiction and that his claim should therefore be dismissed. Def.'s Mot. to Dismiss the Compl. ("Def.'s Mot.") at 1.

For the reasons discussed below, the Court finds that it lacks subject-matter jurisdiction over Mr. Poole's complaint and, thus, the government's motion to dismiss is **GRANTED**.

## I.    Background

Mr. Poole was convicted in a drug conspiracy case after a trial by jury in the United States District Court for the Northern District of Ohio. Compl. at 1; see Jury Verdict, Bailey v. United States, No. 3:06-cr-722, Docket No. 155 (N.D. Ohio Jan. 31, 2007). According to his complaint, Mr. Poole was in prison from about March 13, 2006 until December 4, 2014 and was on probation from December 4, 2014 until November 30, 2019. Compl. at 2.

In his complaint, Mr. Poole alleges that the Assistant United States Attorney who prosecuted his criminal case "did knowingly, willfully, deliberately and with malicious intent to cause irreparable harm conspired with known and unknown employees of the Ohio Adult Parole Authority, the Allen County, Ohio Drug Task Force and known and unknown others" to charge him. Id. at 1. He further alleges that the government "did conspire with [his] defense counsel . . . to assure inadequate representation to succeed in misrepresenting relied upon evidence" to secure his conviction. Id. Mr. Poole also argues that the government "again abused the powers of the United States Department of Justice" by ensuring that he served all five years of his probation. Id. at 2. He seeks over $300 million in punitive damages for wrongful imprisonment from March 13, 2006 to November 30, 2019.

## II.    Legal Standards

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

## III.    The Government's Motion

The government has moved to dismiss the complaint pursuant to RCFC 12(b)(1) arguing that Mr. Poole has failed to state the grounds for the Court's jurisdiction. Def.'s Mot. at 1. In his response to the government's motion, Mr. Poole clarifies that he seeks damages pursuant to 28 U.S.C. § 1495, a claim over which the Court would possess jurisdiction if properly pled. Pl.'s Mot. to Strike Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2, Docket No. 9.[1]

---

[1] The Court notes that Mr. Poole alleges "unlawful imprisonment," Pl.'s Resp. at 1, though 28 U.S.C. § 1495 provides relief for "unjust conviction and imprisonment." Construing Mr.

The government does not directly address Mr. Poole's statutory claim. Rather, it argues that Mr. Poole's claim is actually one for "unlawful imprisonment," a violation of the Fifth Amendment over which this Court lacks jurisdiction. Def.'s Reply in Support of Its Mot. to Dismiss the Compl. at 2, Docket No. 10 (citing Pl.'s Resp. at 1). The Court agrees with the government that to the extent Mr. Poole alleges a Fifth Amendment due process violation or any allegations of criminal conduct, it lacks jurisdiction to adjudicate those claims. See Upshaw v. United States, 599 F. App'x 387, 388 (Fed. Cir. 2015) (noting that the Court of Federal Claims lacks jurisdiction over allegations of criminal conduct); United States v. Connelly, 716 F.2d 882, 887 (Fed. Cir. 1983) (explaining that the Court of Federal Claims lacks jurisdiction over Fifth Amendment due process claims); see also Taylor v. United States, No. 19-1353T, 2020 WL 983245, at *2 (Fed. Cl. Jan. 27, 2020) (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Burman v. United States, 75 Fed. Cl. 727, 729 (2007)) (explaining that damages claims based on fraud and unlawful imprisonment sound in tort and are therefore beyond this court's jurisdiction).

The Court does have jurisdiction to hear claims properly brought pursuant to 28 U.S.C. § 1495 for unjust conviction and imprisonment. See, e.g., Castro v. United States, 364 F. App'x 619, 620 (Fed. Cir. 2010); Tucker v. United States, 142 Fed. Cl. 697, 716 n.4 (2019); Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015).

Mr. Poole has failed to allege facts sufficient to show that he is entitled to relief under that provision. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506-07, 514 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Section 1495 of title 28 provides the Court of Federal Claims with jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." However, a plaintiff bringing such claims must satisfy the requirements of 28 U.S.C. § 2513. See Castro, 364 F. App'x at 620. That is, a plaintiff "must allege and prove" that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

---

Poole's complaint liberally, the Court interprets his claim to be one for "unjust conviction and imprisonment" pursuant to 28 U.S.C. § 1495.

Thus, in order for this Court to have jurisdiction, the plaintiff "must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes." <u>Abu-Shawish</u>, 120 Fed. Cl. at 813; <u>see also</u> 28 U.S.C. § 2513(b). Mr. Poole has failed to allege or otherwise demonstrate that he has obtained a certificate of innocence from the United States District Court for the Northern District of Ohio or that his innocence has been otherwise established. Thus, because Mr. Poole has not met the requirements of a claim for monetary relief pursuant to 28 U.S.C. § 1495, the Court lacks jurisdiction over his complaint.

Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Poole's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*

ELAINE D. KAPLAN
Judge